# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> AMADO MALDONADO, <br><br> Defendant. | 1:09-cr-00024-LJO <br><br> MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2) AND MOTION TO OBTAIN RELIEF FROM JUDGMENT OR ORDER PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60 (ECF Nos. 77, 84) |

Before the Court is Defendant Jose Amado Maldonado's ("Defendant") *pro se* motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c) ("§ 3582(c)"). ECF No. 77. By his motion, Defendant, citing *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016), asserts that he should benefit from Amendment 794 to the United States Sentencing Guidelines ("USSG" or "Guidelines")[1] and requests that the Court grant him a two-level minor role reduction and reduce his sentence. *Id.* Upon review of the parties' briefing, the record in the case, including the Probation Office's Presentence Report

---

[1] Amendment 794 modified the commentary of USSG § 3B1.2 and directed that sentencing courts must consider the following factors in determining whether to apply a minor-role reduction:

  (i)   the degree to which the defendant understood the scope and structure of the criminal activity;
  (ii)  the degree to which the defendant participated in planning or organizing the criminal activity;
  (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
  (iv)  the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts; and
  (v)   the degree to which the defendant stood to benefit from the criminal activity.

*Quintero-Leyva*, 823 F.3d at 523-24.

1

("PSR"), and the relevant law, the Court DENIES Defendant's motion for a sentence reduction. The Court also DENIES Defendant's motion for relief pursuant to Federal Rule of Civil Procedure 60.

## I. BACKGROUND

On July 13, 2009, Defendant entered a guilty plea to all three counts of a three-count indictment, without a written agreement with the Government. ECF No. 22. He pleaded guilty to conspiracy to distribute and to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; possession with intent to distribute methamphetamine and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 18 U.S.C. § 2; and being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. ECF No. 9.

The PSR recommended a base offense level of 38 (because the actual methamphetamine involved in the offense was greater than 1.5 kilograms), a two-level increase for possession of a firearm, and a three-level downward adjustment for acceptance of responsibility, resulting in a total offense level of 37. PSR at 6, 7, 10. With a criminal history category III, the Guidelines range was 262 to 327 months, and the PSR recommended a low-end sentence of 262 months. Judge Oliver Wanger imposed a sentence of 240 months' imprisonment, a 60-month term of supervised release, and a $100 fine.[2] ECF Nos. 51, 52. Defendant appealed, and the Ninth Circuit affirmed the sentence. *United States v. Maldonado*, 419 F. App'x 746 (9th Cir. 2011).

On January 28, 2016, the Court ordered the Defendant's sentence be reduced to 210 months' imprisonment. ECF No. 73. The order followed the parties' stipulation to reduce the sentence pursuant to Amendment 782.[3]

On January 3, 2017, Defendant moved *pro se* to reduce his sentence pursuant to Amendment

---

[2] The first two counts were considered together, and the 240-month sentence was for those two counts. The third count resulted in a 46-month sentence. All three counts were ordered to be served concurrently. ECF No. 52.
[3] Amendment 782 revised the Drug Quantity Table in USSG § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses. *See* USSG, sup. App'x C, amend. 782 (2014).

2

794, which amended the commentary to USSG § 3B1.2, governing mitigating-role reductions. The Government opposed, ECF No. 78, and Defendant filed a reply, ECF No. 81.

On April 30, 2018, Defendant also filed a motion pursuant to Federal Rule of Civil Procedure 60 to obtain relief from denial of a habeas petition. ECF No. 84.

## II. § 3582 MOTION

**A.  Legal Standard**

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting § 3582(c)). However, a federal sentencing court is authorized to modify an imposed sentence when the relevant sentencing range was lowered subsequent to a defendant's original sentence. § 3582(c)(2); *see United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013) (a district court may modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." (quoting § 3582(c)(2))). Effective November 1, 2015, the Commission promulgated Amendment 794, which revised the Commentary to USSG §3B1.2 (Mitigating Role), a provision providing for a lowered offense level for defendants who were minimal or minor participants in the criminal activity.  *See* USSG, sup. App'x C, amend. 794 (2015).

Determining whether a sentence reduction is appropriate under § 3582(c)(2) "requires a two-step inquiry." *Dunn*, 728 F.3d at 1155. At step one, "a district court must determine whether a prisoner is eligible for a sentence modification under the Commission's policy statement in USSG § 1B1.10." *Id.* That policy statement enumerates a list of amendments to the Guidelines which have lowered the sentencing ranges for certain offenses. *See* USSG § 1B1.10(d). In the event that one of the enumerated amendments has lowered a Guideline range applicable to a defendant, the district court "shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced." USSG § 1B1.10(b)(1).

If the answer to step one is that the defendant is eligible for a reduced sentence, the district court

turns to step two of the inquiry, where the court "must consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dunn*, 728 F.3d at 1155 (internal quotation marks and citation omitted). The § 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *Id.* at 1158 (internal quotation marks and citation omitted).

**B.      Discussion**

After previously receiving a sentence reduction pursuant to Amendment 782, Defendant now requests a second reduction in his sentence under Amendment 794 and the Ninth Circuit's decision in *Quintero-Leyva*, arguing that the Court should apply a two-level reduction to his total offense level because of his allegedly minor role in the offense. *See* ECF No. 77.

In *Quintero-Leyva,* the Ninth Circuit reversed the district court's denial of the defendant's request for a minor role reduction pursuant to USSG § 3B1.2(b) on the basis that the United States Sentencing Commission's issuance of Amendment 794 on November 1, 2015, which amended the commentary to USSG § 3B1.2, is a "clarifying amendment" that applies retroactively on direct appeal. 823 F.3d at 521. The *Quintero-Leyva* court noted that the record did not clearly indicate whether the district court had considered all of the factors listed in § 3B1.2 when it denied the defendant's request for a minor role reduction during his sentencing proceedings, and therefore reversed the district court's denial of the minor role reduction, and remanded with the instruction that the district court consider the factors in § 3B1.2, as amended by Amendment 794. *Id*. at 523. As a result of *Quintero-Leyva*, a defendant can successfully appeal a district court's denial of a § 3B1.2 minor role reduction if it is apparent from the record that the district court did not consider all of the factors now listed in § 3B1.2,

4

even if the defendant was sentenced before the effective date of Amendment 794 so long as the defendant's case was not yet final or was pending direct review as of November 1, 2015. *See, e.g., United States v. Ismelda Sanchez*, 671 Fed. App'x. 682, 682 (9th Cir. 2016) ("Because we cannot determine from the record whether the district court followed the guidance of [Amendment 794]'s clarifying language and considered all of the now-relevant factors, we vacate Sanchez's sentence and remand for resentencing under [Amendment 794]."); *United States v. Lopez-Diaz*, 650 Fed. App'x. 359, 360 (9th Cir. May 17, 2016) (same).

The initial inquiry of whether a defendant is eligible for sentence reduction is informed by the Sentencing Commission's constraints on the Court's authority to modify a sentence. *Dillon*, 560 U.S. at 825-26. Section 3582(c)(2) permits reduction of a sentence by the Court only where "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under USSG § 1B1.10(a)(2)(B), "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if (a) none of the amendments listed in subsection (d) is applicable to the defendant; or (b) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."

Here, although claims regarding the application of USSG amendments may be properly brought under § 3582(c)(2), *Hamilton v. United States*, 67 F.3d 761, 763 (9th Cir. 1995), it is clear that *Quintero-Leyva* has no application in § 3582(c)(2) proceedings, because *Quintero-Leyva* applies only in cases on direct appeal. *Seferos v. United States*, Case Nos. 1:16-CV-00399-EJL; 1:13-CR-00129-EJL, 2016 WL 6405810, at *2 (D. Idaho Oct. 27, 2016) (noting that in *Quintero-Leyva*, the Ninth Circuit held that "Amendment 794 is a clarifying amendment that applies retroactively on direct review, [but] it did not extend this holding to cases like Petitioner's, where collateral—rather than direct—review is sought"); *see also United States v. Stokes*, 300 Fed. App'x. 507, 508 (9th Cir. 2008) (holding that clarifying amendments do not apply retroactively in sentencing reduction motions pursuant to § 3582(c)(2)). The Court additionally notes that Defendant has already filed an appeal of his conviction,

and the Ninth Circuit affirmed his sentence. ECF No. 66.

Furthermore, "Amendment 794 was not given retroactive effect for purposes of a § 3582 motion, as Amendment 794 is not listed among the covered amendments in USSG § 1B1.10(d) under the policy statement authorizing the court to reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2)." *United States v. Nunez*, No. CR-13-00383-PJH-1, 2017 WL 119169, at *5 (N.D. Cal. Jan 12, 2017); *United States v. Yanez*, Case Nos. 13cr3515-LAB-1, 16cv1964-LAB, 2016 WL 4248541, at *1 (S.D. Cal. Aug. 11, 2016) ("Amendment 794 is not retroactive for purposes of a § 3582 motion."). In other words, unlike Amendment 782, which is retroactive and did lower Defendant's Guidelines range, Amendment 794 has no effect on Defendant's Guidelines range and the Court lacks authority to use Amendment 794 as a basis to reduce his sentence. *See id*.

For these reasons, the Court concludes that the answer at step one is that Defendant is not eligible for a sentence reduction. To the extent that he asks the Court to reduce his sentence based on the § 3553(a) factors, the Court declines. When the answer at step one is that a defendant is ineligible, the Court does not proceed to step two. *See* USSG § 1B1.10; *Dunn*, 728 F.3d at 1155. Defendant's second motion for a sentence reduction pursuant to § 3582(c)(2) is therefore **DENIED**.

### III. RULE 60 MOTION

Defendant also filed a motion for relief pursuant to Federal Rule of Civil Procedure 60(b) "for an order to set aside the [judgment] entered against Petitioner's Section 2255 motion." ECF No. 84.

Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Rule further provides that a motion made under Rule 60(b) must be made "within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

The motion seeks relief from judgment entered against Defendant's Section 2255 motion. Defendant, however, has not made any such motion.[4] He filed a direct appeal and later moved for a sentence reduction under §3582, as discussed above, but he has filed no habeas petition. Accordingly, there is no "Section 2255 motion" to set aside and Defendant's motion for relief under Rule 60(b) fails.

Even assuming that there were a judgment to attack through a Rule 60(b) motion, the Court would also conclude that Defendant's motion is without merit. Courts entertaining motions brought pursuant to Federal Rule of Civil Procedure 60(b) for relief from habeas decisions must determine whether the motion presents a "claim" which is "an asserted federal basis for relief from a . . . judgment of conviction." *United States v. Washington*, 653 F.3d 1057, 1063 (9th Cir. 2011) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005)). If it does, then the motion "is, in substance, a new request for relief on the merits and should be treated as a disguised § 2255 motion." *Id*. If, on the other hand, a Rule 60(b) motion "instead alleges a defect in the integrity of the federal habeas proceedings," it "constitutes a legitimate Rule 60(b) motion." *Id*. at 1063-64 (internal citation and quotation marks omitted).

Without any former habeas proceedings to attack, Defendant's Rule 60(b) motion raises substantive attacks on the merits of his sentence, on two grounds. First, the motion argues that his

---

[4] Defendant's § 3582 motion was initially incorrectly docketed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. 2255. ECF No. 75. The Clerk's Office promptly fixed the error and corrected the docket to reflect that Defendant's motion, titled "Motion for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(ii)," was brought under § 3582. ECF No. 76. That motion did not make any mention of § 2255.

7

sentence was imposed in violation of the due process clause because he was sentenced based on the amount of drugs involved in his conspiracy offense, rather than the amount of drugs attributable to him alone. Second, he argues that his two-point enhancement under the Guidelines for the presence of a gun also failed to comport with due process because it was not proven beyond a reasonable doubt.

Because the motion goes to the merits of the sentence imposed,[5] Defendant's "Rule 60(b) motion is, in fact, a § 2255 motion in disguise." *Washington*, 653 F.3d at 1065. Habeas petitions carry a one-year statute of limitation. 28 U.S.C. § 2255(f) (one-year period of limitation, which runs from the latest of four events, including the date on which a petitioner's judgment of conviction becomes final). The one-year period to file for habeas relief began running when the Ninth Circuit affirmed Defendant's sentence in March of 2011, notwithstanding that Defendant's sentence was later reduced pursuant to § 3582(c). ECF No. 67 (mandate of the Ninth Circuit Court of Appeals stating that the judgment affirming the sentence took effect that date); 18 U.S.C. § 3582(b) ("Notwithstanding the fact that a sentence to imprisonment can subsequently be . . . (1) modified pursuant to the provisions of [§ 3582(c)] . . . a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes."); *Sherrod v. United States*, 858 F.3d 1240, 1242 (9th Cir. 2017) (holding that "a § 3582(c)(2) sentence reduction does not qualify as a new, intervening judgment" for purpose of filing habeas petitions).[6]

The one-year window to move for habeas relief long ago closed, and the Court cannot entertain Defendant's habeas petition, disguised in the form of a Rule 60(b) motion. Accordingly, the Rule 60(b) motion is **DENIED**.

\\\\

---

[5] Habeas petitions brought under § 2255 include claims of "the right to be released upon the ground . . . that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255(a).

[6] Even if the clock re-set when the Court entered an amended judgment reflecting the reduced sentence pursuant to the stipulated § 3582 order, the motion would still be untimely, because the amended judgment was entered on January 28, 2016, more than two years before Defendant filed his Rule 60 motion on April 28, 2018. ECF Nos. 74, 84.

8

# IV. CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Defendant's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), ECF No. 77, is **DENIED**.

2. Defendant's motion for relief pursuant to Federal Rule of Civil Procedure 60(b), ECF No. 84, is **DENIED**.

IT IS SO ORDERED.

Dated: **September 24, 2018**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE